FILED
IN CLERK'S OFFICE
US DISTRICT COURT
US DISTRICT COURT
★ JUN 13 2016
BROOKLYN OFFICE
BROOKLYN OFFICE 6/13/16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PRINCE DIVINE MESSIAH MUHAMMAD,

        Plaintiff,

   -against-

JUDGE KIYO MATSUMOTO,
        Defendant.
------------------------------------------------------------x

MEMORANDUM AND ORDER

15-CV-6626 (ENV) (JO)

VITALIANO, D.J.,

    *Pro se* plaintiff "Prince Divine Messiah Muhammad" filed, on November 6, 2015, a document addressed to "Dear 'Brother' Kiyo." The document is labeled "Amended Complaint 15 CV 3401," which is a reference to *Muhammad v. New York City, et al*, 15-CV-3401 (KAM) (JO). That case was settled by the parties on January 12, 2016. The judgment closing the case was entered two days later on January 14, 2016. The November 6, 2015 submission was filed before settlement in 15-CV-3401 and spotlights a $3000 property claim. He goes on to write, "if they ain't gonna give me my $3000 back, then I would appreciate it 'Brother Kiyo' that you see to it that I get $100,000" [*sic*]. ECF Dkt. No. 1 at 1. The document goes on further to state: "'Brother Kiyo,' I don't really want to 'sue you,' but you are leaving me no other choice...." (*Id.* at 1-2.)

    Plaintiff submitted his request to proceed *in forma pauperis* ("IFP") on December 7, 2015.[1] The IFP request is granted solely for purposes of this order.

---

[1] Plaintiff did not submit a Prisoner Authorization form permitting the withdrawal of funds from a prisoner's prison trust account, as required by the Prison Litigation Reform Act ("PLRA"). Although he states that he is "incarcerated" in his IFP application (ECF Dkt. No. 4, at 1), the return address he provides is for the Rochester Psychiatric Center at 1111 Elmwood Avenue in Rochester, New York, a facility operated by the New York State Office of Mental Health. He is not a prisoner.



In any case, it is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. The Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief. Specifically, that law provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see e.g., Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court, and thus judicial immunity extends to any claims for injunctive relief, as well as to a claim for damages.

Here, plaintiff's only complaint was that Judge Matsumoto had not, at the time he filed the submission, directed the defendants in his pending case to pay him damages of $3000 or $100,000. Judge Matsumoto's decisions in 15-CV-3401 are clearly judicial acts in a case assigned to her docket. Accordingly, this Court finds that Judge Matsumoto is shielded from liability by absolute judicial immunity. Accordingly, the claims against this judicial defendant

are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), with prejudice.

Moreover, given the January 12, 2016 settlement of the claims in 15-CV-3401, it appears that the instant claims are barred by accord and satisfaction.

### Filing Injunction

The federal courts have limited resources. Frequent frivolous filings diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment and needless expense to other parties and [who create] an unnecessary burden on the courts and their supporting personnel.'" *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).

"If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)). However, "the unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see Smith v. Blavatnik*, No. 14 Civ. 503 (PAC) (JLC), 2014 WL 5334080, at *2 (S.D.N.Y. Oct. 17, 2014) (ordering the *pro se* plaintiff to show cause as to "why he should not be enjoined from filing any new civil action without leave of the Court," based on his history of deficient filings).

Muhammad is a frequent litigant in this district. He has filed at least 12 cases here since 2015, not including this one. *See Muhammad v. New York State et al.* (15-cv-00163-KAM-JO,

filed Jan. 9, 2015, transferred to the Southern District); *Muhammad v. New York State et al.* (15-cv-00164-KAM-JO, filed Jan. 9, 2015); *Muhammad v. New York State et al.* (15-cv-00165-KAM-JO, filed Jan. 9, 2015); *Muhammad v. Gumusdere et al.* (15-cv-01079-KAM-JO, filed Feb. 23, 2015); *Muhammad v. New York City et al.* (15-cv-02963-KAM-JO, filed May 18, 2015); *Muhammad v. New York City et al.* (15-cv-03401, filed June 8, 2015); *Muhammad v. New York City et al.* (15-cv-03602-KAM-JO, filed June 16, 2015, transferred to the Southern District); *Muhammad v. Rabinowitz et al.* (15-cv-03683-KAM-JO, filed June 22, 2015, transferred to the Southern District); *Muhammad v. New York City et al.* (15-cv-04033-JG-JO, filed July 8, 2015); *Muhammad v. Duffy et al.* (15-cv-02945-KAM-JO, filed Aug. 31, 2015); *Muhammad v. New York State et al.* (15-cv-03353-KAM-JO, filed Aug. 31, 2015); *Muhammad v. New York City et al.* (16-cv-00268-ENV-LB), filed Jan. 12, 2016).

Further, the Eastern District has not cornered the market on these filings. Muhammad often files identical complaints in other districts. He has filed at least 10 suits in our sister courts since 2015. *See Muhammad v. Griffin* (16-CV-6124, filed on June 29, 2015 in S.D.N.Y. and transferred to the Western District on Mar. 1, 2016); *Muhammad v. New York City et al.* (15-CV-5603, S.D.N.Y., filed July 13, 2015); *Muhammad v. McCary, et al.* (15-CV-6750, W.D.N.Y., filed Dec. 11, 2015); *Muhammad v. New York State et al.* (16-CV-6005, W.D.N.Y., filed Jan. 5, 2016); *Muhammad v. New York City et al.* (16-CV-0082, S.D.N.Y., filed Jan. 5, 2016); *Muhammad v. New York City, et al.* (16-CV-0289, S.D.N.Y., filed Jan. 11, 2016); *Muhammad v. New York State et al.* (16-CV-6030, W.D.N.Y., filed Jan. 14, 2016); *Muhammad v. Griffin et al.* (16-CV-0485, S.D.N.Y., filed Jan. 22, 2016); *Muhammad v. New York State et al.* (16-CV-0483, S.D.N.Y., filed Jan. 22, 2016); *Muhammad v. Sullivan et al.* (16-CV-6127, W.D.N.Y., filed Feb. 29, 2016).

In light of Muhammad's litigation history, he is ordered to show cause by written affirmation, within 30 days of the date this Order is entered on the docket, why he should not be barred from filing any future IFP actions in the United States District Court for the Eastern District of New York without first obtaining the Court's permission. If Muhammad fails to show cause within the time allotted, or should his affirmation fail to set forth good cause as to why this injunction should not be entered, he shall be barred from filing any further IFP actions in this Court absent leave of Court.

## Conclusion

For the foregoing reasons, plaintiff's claims against Judge Matsumoto are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), with prejudice.

Plaintiff has 30 days from the entry of this order to show cause why he should not be barred from filing any future IFP actions in the Eastern District of New York absent leave of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

/s/ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
June 6, 2016